IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RODERICK SWEETWYNE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 3:15cv218-CSC |
| ) | (WO) |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

The plaintiff applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*., and disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., alleging that he was unable to work because of a disability. This is not the first time he has had to seek relief from this court because of an error made by the Commissioner. *See Sweetwyne v. Colvin*, 3:13cv356-CSC (M.D. Ala. 2013). The plaintiff's most recent application was also denied.[2] The Appeals Council rejected a subsequent request for review of the final determination by the Administrative Law Judge ("ALJ"). Consequently, the ALJ's latest decision became the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.

[2] The plaintiff filed his initial application on January 9, 2009. On May 18, 2011, the Appeals Council remanded his case back to the Administrative Law Judge ("ALJ") for further consideration. The ALJ issued an unfavorable determination on January 19, 2012. This court remanded the matter to the Commissioner on October 1, 2013.

final decision of the Commissioner of Social Security ("Commissioner").[3] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). On October 14, 2015, the defendant filed a motion to remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 11). The plaintiff objects to the remand, as requested by the defendant. (Doc. # 14). The court held oral arguments on the motion to remand on April 28, 2016. Based on the court's review of the record in this case, the briefs of the parties, and oral argument, the court concludes that the Commissioner's motion to remand is due to be granted[4] and this case must be reversed and remanded with directions to award benefits.[5]

## DISCUSSION

In his opinion, the Administrative Law Judge found that the plaintiff had the following residual functional capacity ("RFC"):

> [S]ince March 22, 2009,[6] Claimant can: frequently lift up to 10 pounds; occasionally lift 11 to 20 pounds; frequently carry up to 10 pounds; occasionally carry 11 to 20 pounds; sit for 5 hours at one time without

---

[3] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[4] Pursuant to 42 U.S.C. § 405(g), this court has the power to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for rehearing.

[5] The parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment, pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1.

[6] The plaintiff amended his onset date of disability to March 22, 2009. *See* Doc. # 14 at 2.

interruption; stand for 2 hours at one time without interruption; walk for 30 minutes at one time without interruption; sit for 5 hours during an eight-hour work day; stand for 2 hours during an eight-hour work day; walk for 1 hour during an eight-hour work day; frequently reach (overhead) with the right hand; frequently reach (all other) with the right hand; frequently handle with the right hand; frequently finger with the right hand; continuously feel with the right hand; occasionally push/pull with the right hand; occasionally reach (overhead) with the left hand; occasionally reach (all other) with the left hand; frequently handle with the left hand; frequently finger with the left hand; continuously feel with the left hand; occasionally push/pull with the left hand; frequently operate foot controls with the right foot; frequently operate foot controls with the left foot; occasionally climb stairs and ramps; occasionally climb ladders and scaffolds; never balance; never stoop; never kneel; never crouch; and never crawl; frequently tolerate exposure to unprotected heights; frequently tolerate exposure to moving mechanical parts; occasionally tolerate exposure to operating a motor vehicle; frequently tolerate exposure to humidity and wetness; frequently tolerate exposure to dust, odors, fumes, and pulmonary irritants; frequently tolerate exposure to extreme cold; frequently tolerate exposure to loud (jackhammer) noise.  Claimant can: perform activities such as shopping, travel without a companion for assistance; ambulate without using a wheelchair, walker, or 2 canes, or 2 crutches; walk a block at a reasonable pace on rough or uneven surfaces, use standard public transportation, climb a few steps at a reasonable pace with the use of a single handrail, prepare a simple meal and feed himself; care for personal hygiene; and sort, handle, use paper/files.  Claimant retains the ability to hear and understand simple oral instructions and to communicate simple information.  Claimant can use a telephone to communicate.  Claimant is able to avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles.  Claimant can read very small print with eyeglasses. Claimant can read ordinary newspaper or book print.  Claimant is able to view a computer screen.  Claimant is able to determine the differences in shape of small objects such as screws, nuts, or bolts; however, he cannot determine differences in color.  Any work performed by Claimant must require no more than frequent interaction with co-workers, supervisors, and the general public.

(R. 530) (footnote added).

Relying on written interrogatories propounded to the vocational expert, the ALJ

3

identified three jobs that exist in the national economy that the plaintiff could perform: Cashier II, Mail Clerk, and Sales Attendant. (R.547).  However, the plaintiff's ability to perform those jobs is based on a RFC not adopted by the ALJ.  *Compare* R. 774-776 with R. 777-779.  Based on the RFC adopted by the ALJ for the period of disability beginning March 22, 2009, the vocational expert indicated that the plaintiff could not perform his past relevant work and no jobs existed in the national economy that the plaintiff could perform.  *See* R. 777-779.

   The Commissioner seeks a remand to "reassess whether, since March 22, 2009, there is other work Plaintiff can perform at step five of the sequential evaluation process given Plaintiff's limitations." (Doc. # 12). The plaintiff objects to a remand for any purpose other than an award of benefits.  The plaintiff argues that based on the vocational expert's interrogatories and the RFC as determined by the ALJ, there are no jobs in the national economy that he can perform, and thus, he is entitled to an award of benefits. (Doc. # 14).  At oral argument, the Commissioner offered no cogent reason why the case should not be remanded for an award of benefits or what she would reassess to determine if Sweetwye could work.  Apparently, the Commissioner has a different interpretation of the term "no jobs" than the court.  There is no need to further delay the obvious.  Based on RFC adopted by the ALJ coupled with the testimony and interrogatory answers of vocational expert, there is no sedentary unskilled work with occasional reaching with the left hand available to the plaintiff in the national economy.  (R. 779).

**CONCLUSION**

For the reasons as stated, the court concludes that it is appropriate to reverse the decision of the Commissioner so that benefits may be awarded to the plaintiff. *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (reversal with award of benefits appropriate where the Commissioner has already considered the essential evidence and it is clear that the evidence establishes disability without any doubt); *See also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988) (failure to apply the correct legal standards is grounds for reversal and an award of benefits).

Accordingly, it is

ORDERED that the Commissioner's motion to remand (doc. # 11) be and is hereby GRANTED. This case will be reversed and remanded to the Commissioner with directions for an award of benefits.

A separate order will be entered.

Done this 29th day of April, 2016.

                                       /s/Charles S. Coody
                                       CHARLES S. COODY
                                       UNITED STATES MAGISTRATE JUDGE